## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>138 Oakwood Lane, Burnham, ME 04922 |
| **Shellie R. Farris and Arthur B. Farris, IV** | Mortgage:<br>July 31, 2004<br>Book 2642, Page 51 |
| **Defendants**<br>**Maine Department of Labor**<br>**Savings Bank of Maine**<br>**Midland Funding LLC**<br>**State of Maine Revenue Services** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Shellie R. Farris and Arthur B. Farris, IV, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in which the Defendants, Shellie R. Farris and Arthur B. Farris, IV, are the obligor and the total amount owed under the terms of the Note is Two Hundred Fifty-Five Thousand Six Hundred Fifty-Nine and 93/100 ($255,659.93) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a corporation with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Arthur B. Farris, IV, is a resident of Jackson, County of Waldo and State of Maine.

6. The Defendant, Shellie R. Farris, is a resident of Unity, County of Waldo and State of Maine.

7. The Party-in-Interest, Savings Bank of Maine, is located at c/o Agent Arthur C. Markos, 190 Water Street, Gardiner 04345.

8. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

9. The Party-in-Interest, Maine Department of Labor, Bureau of Unemployment Compensation - Operations Division, is located at 54 State House Station, Augusta, ME 04333.

10. The Party-in-Interest, Maine Revenue Services, is located at c/o Kevin J. Crosman, Esq., Assistant Attorney General, 6 State House Station, Augusta, ME 04333.

## FACTS

11. On May 12, 2000, by virtue of a Warranty Deed from Roderick D. Cook and Mary E. Cook, which is recorded in the Waldo County Registry of Deeds in **Book 1995, Page 064**, the property situated at 138 Oakwood Lane, City/Town of Burnham, County of Waldo, and State of Maine, was conveyed to Arthur B. Farris, IV, and Shellie R. Farris, being more particularly described by the attached Exhibit A;

12. On July 31, 2004, Defendants, Shellie R. Farris and Arthur B. Farris, IV, executed and delivered to Advanced Financial Services, Inc. a certain Note under seal in the amount of $204,000.00. Defendants, Arthur B. Farris, IV and Shellie R. Farris's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on July 31, 2004, Defendants, Arthur B. Farris, IV and Shellie R. Farris executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Advanced Financial Services, Inc., securing the property located at 138 Oakwood Lane, Burnham, ME 04922 which Mortgage Deed is recorded in the Waldo County Registry of Deeds in **Book 2642**, **Page 51**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to EverHome Mortgage Company by virtue of an Assignment of Mortgage dated March 18, 2009 and recorded in the Waldo County Registry of Deeds in **Book 3336**, **Page 157**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On May 23, 2014, by virtue of a Release Deed from Shellie R. Farris, which is recorded in the Waldo County Registry of Deeds in **Book 3864, Page 098**, the property situated at 138 Oakwood Lane, City/Town of Burnham, County of Waldo, and State of Maine, was conveyed to Arthur B. Farris, IV, being more particularly described by the attached Exhibit A;

16. The Mortgage was then assigned to Green Tree Servicing, LLC by virtue of an Assignment of Mortgage dated February 6, 2015 and recorded in the Waldo County Registry of Deeds in **Book 3937**, **Page 218**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further **ineffectively** assigned to Mortgage Electronic Registration Systems, Inc as nominee for Advanced Financial Services, Inc. by virtue of a Ratification of Assignment dated July 16, 2015 and recorded in the Waldo County Registry of Deeds in **Book 3981**, **Page 18**. *See* Exhibit F (a true and correct copy of the Ratification of Assignment is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated November 25, 2015 and recorded in the Waldo County Registry of Deeds in **Book 4026**, **Page 344**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 23, 2015 and recorded in the Waldo County

Registry of Deeds in **Book 4031**, **Page 348,** *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein), **as affected by Rescission of Assignment of Mortgage, dated November 10, 2016 and recorded in Book 4138, Page 14**. *See* Exhibit J (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

20. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated August 30, 2016 and recorded in the Waldo County Registry of Deeds in **Book 4097**, **Page 139**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

21. On or about November 7, 2016 The District Court for the State of Maine, sitting in Belfast, ME under Docket No. BELDC-RE-13-134 entered a Consent Judgment for MTGLQ Investors, L.P. which, in part determined that MTGLQ Investors, L.P. was the holder and owner of the subject Note and Mortgage.

22. Upon information and belief, following the entry of the aforesaid Judgment, no public sale was ever held.

23. Subsequent to the aforesaid Judgment, the Mortgage was then assigned to Wilmington Trust, National Association, not in its individual capacity but solely as Trustee of MFRA Trust 2015-1 by virtue of an Assignment of Mortgage dated March 12, 2018 and recorded in the Waldo County Registry of Deeds in **Book 4256**, **Page 11**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

24. The Mortgage was further assigned to Wilmington Trust, National Association, Not in its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of a Quitclaim Assignment dated October 10, 2019 and recorded in the Waldo County Registry of Deeds in

**Book 4468**, **Page 59**. *See* Exhibit L (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

25. On October 21, 2020, the Defendants, Shellie R. Farris and Arthur B. Farris, IV, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

26. The Demand Letter informed the Defendants, Shellie R. Farris and Arthur B. Farris, IV, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit M.

27. The Defendants, Shellie R. Farris and Arthur B. Farris, IV, failed to cure the default prior to the expiration of the Demand Letter.

28. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

29. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the lawful holder and owner of the Note and Mortgage.

30. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

31. Savings Bank of Maine is a Party-in-Interest pursuant to a Writ of Execution in the amount of $486,893.10, dated November 5, 2010, and recorded in the Waldo County Registry of Deeds in **Book 3497**, **Page 252** and is in second position behind Plaintiff's Mortgage.

32. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,706.46 dated November 9, 2010, and recorded in the Waldo County Registry of Deeds in **Book 3506**, **Page 78** and is in third position behind Plaintiff's Mortgage.

33. Maine Department of Labor is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $5,555.75 dated October 25, 2011, and recorded in the Waldo County Registry of Deeds in **Book 3593**, **Page 182** and is in fourth position behind Plaintiff's Mortgage.

34. State of Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $6,122.37 dated January 12, 2020, and recorded in the Waldo County Registry of Deeds in **Book 4461**, **Page 330** and is in fifth position behind Plaintiff's Mortgage.

35. State of Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $2,474.65 dated December 27, 2020, and recorded in the Waldo County Registry of Deeds in **Book 4592**, **Page 157** and is in sixth position behind Plaintiff's Mortgage.

36. The total debt owed under the Note and Mortgage as of March 26, 2021 is Two Hundred Fifty-Eight Thousand Two Hundred Five and 40/100 ($258,205.40) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $221,060.23 |
| Interest | $20,005.22 |
| Escrow/Impound Required | $12,724.19 |
| Late Fees | $404.37 |
| Suspense Balance | $-508.61 |
| Recoverable Balance | $4,506.00 |
| Property Preservation | $14.00 |
| Grand Total | $258,205.40 |

37. Upon information and belief, the Defendants, Shellie R. Farris and Arthur B. Farris, IV, are not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

38. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

39. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 138 Oakwood Lane, Burnham, County of Waldo, and State of Maine.  *See* Exhibit A.

40. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has the right to foreclosure and sale upon the subject property.

41. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

42. The Defendants, Arthur B. Farris, IV and Shellie R. Farris, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

43. The total debt owed under the Note and Mortgage as of March 26, 2021 is Two Hundred Fifty-Eight Thousand Two Hundred Five and 40/100 ($258,205.40) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $221,060.23 |
| Interest | $20,005.22 |
| Escrow/Impound Required | $12,724.19 |
| Late Fees | $404.37 |
| Suspense Balance | $-508.61 |
| Recoverable Balance | $4,506.00 |
| Property Preservation | $14.00 |
| Grand Total | $258,205.40 |

44. The record established through the Waldo County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

45. By virtue of the Defendants, Arthur B. Farris, IV and Shellie R. Farris's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Arthur B. Farris, IV and Shellie R. Farris's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Arthur B. Farris, IV and Shellie R. Farris, but only seeks *in rem* judgment against the property.

46. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Shellie R. Farris and Arthur B. Farris, IV, on October 21, 2020, evidenced by the Certificate of Mailing. *See* Exhibit M.

47. The Defendants, Shellie R. Farris and Arthur B. Farris, IV, are not in the Military as evidenced by the attached Exhibit N.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Arthur B. Farris, IV and Shellie R. Farris's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, upon the expiration of the period of redemption;

c) Find that the Defendants, Shellie R. Farris and Arthur B. Farris, IV, are in breach of the Note by failing to make payment due as of April 1, 2019, and all subsequent payments, however, as affected by Defendants, Arthur B. Farris, IV and Shellie R. Farris's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendants, Arthur B. Farris, IV and Shellie R. Farris, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendants, Arthur B. Farris, IV and Shellie R. Farris, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 138 Oakwood Lane, Burnham, ME 04922;

f) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
                                              Wilmington Trust, National Association, Not
                                              in Its Individual Capacity, but Solely as
                                              Trustee for MFRA Trust 2015-1,
                                              By its attorneys,

Dated:  March 26, 2021

                                              <u>/s/John A. Doonan, Esq.</u>
                                              <u>/s/Reneau J. Longoria, Esq.</u>
                                              John A. Doonan, Esq., Bar No. 3250
                                              Reneau J. Longoria, Esq., Bar No. 5746
                                              Attorneys for Plaintiff
                                              Doonan, Graves & Longoria, LLC
                                              100 Cummings Center, Suite 303C
                                              Beverly, MA 01915
                                              (978) 921-2670
                                              JAD@dgandl.com
                                              RJL@dgandl.com